IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

STACEY LEE HARVEY,

          Plaintiff

    VS.

                                      **NO.  5:09-CV-86 (CAR)**

BRUCE CHATMAN, WARDEN, *et al.*,

          Defendants               **PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

---

## RECOMMENDATION OF DISMISSAL

On July 6, 2009, defendants WARDEN Bruce Chatman and Dr. Caleb Ajibade filed a MOTION TO DISMISS. Tab #13. Therein, the defendants averred that plaintiff Stacey Lee Harvey had, *inter alia,* failed to exhaust his available administrative remedies prior to filing the instant action. Accordingly, the defendants conclude that this action should be dismissed.

On July 7, 2009, the undersigned issued an order directing plaintiff Harvey to file a response to the defendants' motion. Tab #15. The response was due no later than July 31, 2009. To date, no response has been filed by plaintiff Harvey. In light of the plaintiff Harvey's failure to respond as directed by the undersigned's order of July 7, 2009, coupled with the his failure to comply with the undersigned's order of May 1, 2009 (Tab #9) wherein he was advised of his duty to diligently prosecute this action, IT IS RECOMMENDED this action be DISMISSED *with prejudice.*[1]

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof. The Clerk is directed to serve the plaintiff with a copy of this order and recommendation by mailing it to him at the **LAST** **ADDRESS** provided by him.

**SO RECOMMENDED**, this 4th day of JANUARY, 2010.



                                           CLAUDE W. HICKS, JR.
                                           UNITED STATES MAGISTRATE JUDGE

---

[1] In the undersigned's order of May 1, 2009, the plaintiff was advised " *that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute."*